**CV 14 3741**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————— X

EUNICE MARTINEZ                    :    COMPLAINT

                Plaintiff,    :    INDEX No.

                                  :

        -against-

DAVIS, POLK & WARDELL LLP

                Defendant    :

—————————————————————— X

WEINSTEIN, J.

ORENSTEIN, M.J.

Plaintiff, EUNICE MARTINEZ, by her attorney, Colin A. Moore, Esq. alleges as follows for her amended complaint against defendant, DAVIS, POLK & WARDELL, LLP.

## PRELIMINARY STATEMENT

1. This is a civil rights action against Davis, Polk & Wardell arising out of the wrongful acts and omissions against Davis, Polk & Wardell and certain of its employees and agents, against the plaintiff. The plaintiff seeks relief for the violation of her constitutional rights secured by the Civil Rights Acts of 1866 and 1871, 42 U.S.C. §§ 1981, 1983 and 1985, her rights secured by the First and Fourteenth amendments of the United States Constitution, her rights secured by Title VII of the Civil Rights Act of 1964, and of her rights secured under the laws and constitution of the State of New York, New York State Human Rights Law, New York Executive Law §§ 290 to 297 (race, color and national origin discrimination) as codified, 42 U.S.C. §§ 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) S (race, color and national origin discrimination).

2. The factual predicate that forms the backdrop of this litigation arises from the fact that plaintiff is an Afro-Latino woman who has been employed by the defendant from 1995 to present. Plaintiff possesses the requisite educational qualifications, experience and competence for the position of manager of the Business Development and Web Content unit. However her

current position is that of managing editor of Business Development, a non-managerial position that she has held since 1996. Since the spring of 2010, her workload expanded significantly, burdening her with an increased workload that has for years required additional support. Plaintiff has been routinely denied the assistance necessary to assist her in performing her job. Instead, she has been routinely given additional responsibilities without any additional clerical support and forced to work excessively long hours to manage the workload.

3.   Plaintiff has made the request for an assistant to an assistant to the three administrators to whom she has been reporting to since 2009, and was denied each time. As a result of the lack of support, plaintiff has been forced to routinely work excessively long hours to manage the workload, while the assistance and support she requested was given to similarly situated Caucasian colleagues in the Business Development department. Plaintiff brought these issues to the Human Resource department of the firm and upper management, however, they took no action to resolve her complaints, except to instruct her manager to take a "sensitivity" training course.

4.   Plaintiff is one of the original pioneers who built the Business Development department for the firm. Plaintiff has consistently been denied promotions, peer raises and fringe benefits that were routinely granted to similarly situated Caucasian employees.

5.   Plaintiff has been forced to report to her current manager Svetlana Teplitsky, a Caucasian woman of European descent who speaks, writes and reads English as a second language with which she greatly struggles, as her direct supervisor for print and web content editing and management. Ms. Teplitsky has far less English language mastery and less experience within the department and at the firm than plaintiff.

6.   Plaintiff has been wrongfully denied all of the benefits and professional treatment that have been routinely granted to similarly situated non-Black, non-Latino employees in her department and in other departments of the firm.

## JURISDICTION

1.   This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1988, The First and

Fourteenth Amendments to the United States Constitution, and pursuant to New York Executive Law §§ 290-297.

2.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, and the previously mentioned statutory and constitutional provisions.

3.  Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4.  Plaintiff invokes the pendent jurisdiction of this Court, to hear and decide claims arising Under State Law that are related to the claims in this action, and thus, to decide matters arising under the New York Human Rights Law, Executive Law, §§ 290-297.

## VENUE

8.  Venue is properly laid in the United States District Court -- the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b).  Plaintiff, Eunice Martinez, resides at 2019 66th Street, Brooklyn, New York 11204.  The defendant, Davis, Polk & Wardell, LLP is located at 450 Lexington Avenue, New York, NY 10017. Plaintiff resides in KINGS County.

## PARTIES

9.  Plaintiff, **EUNICE MARTINEZ** is A Latina of African ancestry, and was at all times relevant herein, a resident of the City, County and State of New York.  Defendant, **Davis, Polk & Wardell,** was at all times relevant herein, a business corporation created and authorized under the laws of the State of New York.

## ADMINISTRATIVE PROCEEDINGS

10.  The EEOC Intake Questionnaire was filed on July 12, 2013 (See Exhibit A), and the Verified Complaint was filed on August 14, 2013 (See Exhibit B).

11. Plaintiff outlined the following specific acts of discrimination – Discriminatory failure to promote, desperate treatment, hostile work environment, retaliation.

12. **Discriminatory failure to promote.** Plaintiff alleged that defendant failed to promote her to the position of manager of the Business Development and Web Content unit from 1995 to the present, even though plaintiff possessed the necessary qualifications experience, and competence for the position. She further alleged that similarly situated Caucasians with lesser qualifications, experience and competence have been promoted to the positions of unit managers.

13. **Disparate Treatment.** The defendant has wrongfully denied plaintiff the equal terms and condition of employment as similarly situated Caucasian employees. The defendant wrongfully promoted an unqualified Caucasian employee, Miss SvetlanaTeplisky to manage the Business Development and Web Content unit, knowing that she lacked the English language competence, managerial experience and competence to administer the work in the Business Development and Web Content unit. Plaintiff was forced to report to Miss Teplisky, even though Miss Teplisky was singularly unqualified for the position of unit manager. As a proximate result of Miss Teplisky incompetence, plaintiff was forced to work excessively long hours in order to cope with the increased workload caused by Ms. Teplisky's failure to deal with the complexity of the job. Even though plaintiff worked excessively long hours to cope with the work load caused by Ms. Teplisky's incompetence. She was denied the same pay, benefits and clerical assistance as other similarly situated Caucasian employees.

14. **Hostile Work Environment**. The defendant through its manager, SvetlanaTeplisky, has created a hostile and abusive work environment, in which she implemented a policy of giving unfavorable performance evaluations to plaintiff, and forced her to take unnecessary project management courses, which she knew was unnecessary, and was merely intended to embarrass and humiliate plaintiff.

15. **Retaliation**. On September 11, 2013, plaintiff sent a communication to her attorney indicating her two supervisors, that during an evaluation conference, Svetlana Teplisky, and Larissa Palmer opened the meeting with a verbal evaluation of her work, and did not give her an opportunity to review the written document. Plaintiff was convinced that this departure from the

4

previous procedure in which those being evaluated were given an opportunity to review the written document before hand, constituted an act of retaliation.

## INCORPORATION OF ALLEGATIONS

16.  All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## FIRST CLAIM FOR RELIEF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 §§ 1981 and 1983 and NYSHRL

17. The plaintiff incorporates by reference the allegations set forth in Paragraph 1-16, as if fully set forth herein.

18. Plaintiff has established the elements of a Prima Facie case of discriminatory failure to promote as articulated in the vast preponderance of Federal Civil Rights cases. Plaintiff has demonstrated that (1) she is a member of a protected class; (2) that she applied for and was qualified for the job of manager of the unit; (3) that she was rejected for the position; (4) that the position was given to someone with less experience, qualifications and competence than plaintiff. The appointment of Svetlana Teplisky to the position of manager of the unit created a rebuttable presumption of discriminatory intent on defendant's part. The burden of persuasion shifts to the defendant to come forth with a legitimate, employment related and non-discriminatory rationale for the appointment of Ms. Svetlana Teplisky.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983

19. The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-18, as if fully set forth herein.

20. The defendant, acting on the color of law, subjected plaintiff to the deprivation of the following rights – privileges and immunities secured by the Constitution of the United States, when it decided not to promote plaintiff to management position to which she was entitled, and not to permit plaintiff to have access to a meaningful institutional remedy for violation of her rights.

5

a. The defendant has deprived plaintiff under the First and Fourteenth Amendment of the US Constitution by basing their decision, to an impermissible extent, on plaintiff exercise of her right of free speech.

b. The defendant deprived plaintiff of her right to equal protection of the laws as guaranteed by the Fourteenth Amendment of the US Constitution, by intentionally basing their decisions, to an impermissible extent, on plaintiff's race, color and national origin.

c. The defendant deprived plaintiff of her right to due process of law under the Fourteenth Amendment of the US Constitution by refusing to appoint plaintiff to a supervisory position, and by failing to provide a procedural requirement for plaintiff to appeal this adverse decision, and by failing to provide plaintiff with the opportunity to appeal from her adverse evaluation.

d. The defendant denied plaintiff her privileges and immunities secured by the Fourteenth Amendment to the US Constitution, and procedural due process, and equal protection of the laws by impermissibly basing their decision upon plaintiff's exercise of rights guaranteed by the First Amendment to the US Constitution, and upon plaintiff's race, color and national origin, and upon personal malice towards plaintiff.

## THIRD CLAIM FOR RELIEF
### 42 U.S.C. § 1985

21. The plaintiff incorporates by reference the allegations set forth in Paragraph 1-20, as if fully set forth herein.

22. White supervisory personnel employed by Davis, Polk and Wardell, conspired for the purpose of depriving plaintiff of the equal protection of laws, and of equal privileges of immunities under the Constitution by refusing to appoint plaintiff to a supervisory position, and by refusing to grant her access to a meaningful institutional remedy for the violation of her rights. Defendant's conduct in this regard was motivated impermissibly by plaintiff's race, color and national origin, of personal animus against plaintiff and by improper consideration of plaintiff's exercise of free speech.

23. In furtherance of the objective of this conspiracy to deprive plaintiff of the equal protection of the law, and equal privileges and immunities under the constitution, the defendant have caused to be done the acts set forth in this complaint, which resulted

6

in plaintiff's failure to obtain promotion to management position with Davis, Polk and Wardell.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1986

24. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1-23, as if fully set forth herein.

25. The defendants had knowledge, at all material times that the wrongs conspired to be done, as alleged in the second claim for relief was about to be committed or about to be committed. Supervisory staff within the institution had the power to prevent, or help in preventing these wrongs; yet, they have neglected and refused to do so. The supervisory staff could have, by reasonably diligence, prevented the wrongs alleged in the first or second claim for relief by appointing plaintiff to a supervisory position within the institution, or by granting plaintiff some other effective remedy to address the deprivation of her rights.

## FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 1981

26. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1-25, as if fully set forth herein.

27. The defendant has deprived plaintiff of her right to make an enforce contracts to her full and equal benefit, and to enforce laws and proceedings for the security of plaintiff's employment, because of plaintiff's race, color and national origin, in violation of 42 U.S.C. 1981.

## SIXTH CLAIM FOR RELIEF
### Civil Rights Act of 1964

28. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1-27, as if fully set forth herein.

29. The defendant has discriminated against plaintiff because of her race, color and national origin, with respect to the terms and conditions of her employment by refusing to promote to a management position with Davis, Polk and Wardell, and by

refusing to grant plaintiff a meaningful remedy for the violation of her rights, and have thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e-2(a).

30. Plaintiff filed a charge of discrimination with the EEOC in August 2013, as required by 42 U.S.C. § 2000e-5. More than 180 days have elapsed since the filing of the charge and neither the EEOC or the Attorney General of the United States have filed a Civil action with respect to the charge, and the EEOC has not entered into conciliation agreement to which plaintiff if a party.

31. On the other hand, the EEOC filed a Right to Sue Letter on March 19, 2014.

### SEVENTH CLAIM FOR RELIEF
### New York Human Rights Law Executive Law § 290-297

32. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1-31, as if full set forth herein.

33. The conduct of the defendant as alleged in the foregoing claims for relief constitute discrimination on the basis of plaintiff's race, color and national origin in violation of Executive Law Section 290-297.

34. By virtue of New York Human Rights Law, Executive Law § 290-297, there is implied a cause of action in favor of plaintiff , by virtue of defendant's violation the public policy of New York State. Plaintiff is thus entitled to recover the aforesaid damages from the defendant as a result of this violation.

### EIGHTH CLAIM FOR RELIEF
### Title VII of the Civil Rights Act of 1964
### Disparate Treatment

35. The plaintiff incorporates by reference the allegations set forth in Paragraph 1-34, as if fully set forth herein.

36. Defendant has subjected plaintiff to an persistent pattern of disparate treatment, which has not been meted out to similarly situated caucasian employees.

37. The defendant has wrongfully promoted an unqualified caucasian employee, Svetlana Teplisky, to manage the Business Development and Web Content unit, knowing that she lacked the English Language skills, management experience and competence to

administer the work in the unit. Plaintiff was forced to report to Ms. Teplisky, even though Ms. Teplisky was singularly unqualified for the position of unit manager. Even though plaintiff worked excessively long hours to cope with an increasing work load, she was denied the same pay, benefits, and clerical assistance awarded to similarly situated caucasian employees.

38. The Courts have held that disparate treatment is a form of employment discrimination prohibited under Title VII of the Civil Rights Act of 1964.

## NINTH CLAIM FOR RELIEF
### Title VII of the Civil Rights Act of 1964
### Hostile Work Environment

39. The plaintiff incorporates by reference the allegations set forth in Paragraph 1-38, as if fully set forth herein.

40. Defendant has created a hostile and abusive work environment, by meting out to plaintiff a systemic pattern of abuse, embarrassment and humiliation, not meted out to similarly situated caucasian employees.

41. Svetlana Teplisky has implemented a policy of giving plaintiff unfavorable performance evaluations, forcing her to take project management courses, which were unnecessary, and which were merely intended to humiliate and embarrass plaintiff.

42. When Ms. Teplisky's incompetence led to an increase in the work load in the unit, she blamed the increasing work load on plaintiff's so-called "lack of time management skills".

43. When plaintiff asked Ms. Teplisky for assistance to cope with the increasing work load, Ms. Teplisky unequivocally refused to provide the clerical assistance.

## TENTH CLAIM FOR RELIEF
### Respondeat Superior Against Davis, Polk and Wardell

44. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1-43, as if fully set forth herein.

45. The defendant, Svetlana Teplisky, at all times relevant to this claim, was an employee and agent of Davis, Polk and Wardell. The defendants, whether named or un-named, at all times relevant to these claims were employees and agent of Davis, Polk and

Wardell.  Each of these defendants was acting within the scope of their employment, and their acts or omissions, as alleged above, are therefore chargeable to Davis, Polk and Wardell, under the doctrine of respondeat superior.

**WHEREFORE**, the plaintiff demands the following relief, jointly and severally, against the defendant.

a.  Compensatory damages in the amount of $100,000.00 for defendant's discriminatory failure to promote plaintiff to a management position from 1995 to present at Davis, Polk and Wardell.

b.  An award of $50,000.00 for special damages, such as, loss of vacation, sick pay and other fringe benefits.

c.  An award of $200,000.00 for emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life caused by a violation of plaintiff's constitutional rights to due process and equal protection of the law.

d.  An award of $50,000.00 for costs involved in maintaining this action, such as, attorney's fees, court cost, litigation expenses, etc.

e.  Such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

A jury trial is hereby demanded on each and every one of the clams as pled herein

Dated: June 13, 2014

COLIN A. MOORE
Attorney for Plaintiff
26 Court Street, Suite 701
Brookluyn, NY 11242
718-643-1214
718-643-1246

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. **Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)**

**1. Personal Information**

Last Name: MARTINEZ    First Name: EUNICE    MI:

Street or Mailing Address: 2019 66TH STREET    Apt or Unit #:

City: BROOKLYN    County: KINGS    State: NY    Zip: 11204

Phone Numbers: Home: (___) ___    Work: (212) 450-5365

Cell: (917) 880-8435    Email Address: eblue88@aol.com

Date of Birth: 1/17/62    Sex: ☐ Male ☒ Female    Do You Have a Disability? ☐ Yes ☒ No

**Please answer each of the next three questions.**   i. Are you Hispanic or Latino? ☒ Yes ☐ No

ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native   ☐ Asian   ☐ White

☒ Black or African American ☐ Native Hawaiian or Other Pacific Islander

iii. What is your National Origin (country of origin or ancestry)? PUERTO RICO

**Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: COLIN A. MOORE    Relationship: LEGAL COUNSEL

Address: 26 COURT STREET    City: BROOKLYN    State: NY    Zip Code: 11242

Home Phone: (917) 974-5698    Other Phone: (718) 834-0190

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)

☒ Employer   ☐ Union   ☐ Employment Agency   ☐ Other (Please Specify)

**Organization Contact Information** (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**

Organization Name: DAVIS POLK + WARDWELL LLP

Address: 450 LEXINGTON AVENUE    County: NEW YORK COUNTY

City: NEW YORK    State: NY    Zip: 10017    Phone: (212) 450 4000

Type of Business: LAW FIRM    Job Location if different from Org. Address:

Human Resources Director or Owner Name: KATHLEEN COMMINS    Phone: (212) 450 4672

**Number of Employees in the Organization at All Locations:** Please Check (✓) One

☐ Fewer Than 15    ☐ 15 – 100    ☐ 101 – 200    ☐ 201 – 500    ☒ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** ☐ Yes ☒ No

Date Hired: 9/11/95    Job Title At Hire: SECRETARY

Pay Rate When Hired:    Last or Current Pay Rate: $

Job Title at Time of Alleged Discrimination: MANAGING EDITOR    Date Quit/Discharged:

Name and Title of Immediate Supervisor: SVETLANA TEPLITSKY

If Job Applicant, Date You Applied for Job ___    Job Title Applied For ___

1

**4. What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☒ Race ☐ Sex ☐Age ☐ Disability ☐ National Origin ☐ Religion ☐ Retaliation ☐ Pregnancy ☐ Color (typically a difference in skin shade within the same race) ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing    ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify:_____

If you checked genetic information, how did the employer obtain the genetic information?_____

_____

Other reason (basis) for discrimination (Explain): _____

**5. What happened to you that you believe was discriminatory?** Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. **Please attach additional pages if needed.**
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

**A. Date:** _____ **Action:** _____

_____

**Name and Title of Person(s) Responsible:** _____

**B. Date:** _____ **Action:** _____

_____

**Name and Title of Person(s) Responsible** _____

**6.  Why do you believe these actions were discriminatory? Please attach additional pages if needed.**

_____

_____

**7.  What reason(s) were given to you for the acts you consider discriminatory?  By whom?  His or Her Job Title?**

_____

_____

**8. Describe who was in the same or similar situation as you and how they were treated.  For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance?  Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination.  For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on.  Use additional sheets if needed.**

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|

**A.** _____

_____

**B.** _____

_____

2

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |

**A.** _____

_____

**B.** _____

_____

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |

**A.** _____

_____

**B.** _____

_____

**Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability.  If not, skip to question 13.  Please tell us if you have more than one disability.  Please add additional pages if needed.**

**9.  Please check all that apply:**
- ☐ Yes, I have a disability
- ☐ I do not have a disability now but I did have one
- ☐ No disability but the organization treats me as if I am disabled

**10.  What is the disability that you believe is the reason for the adverse action taken against you?  Does this disability prevent or limit you from doing anything?  (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).**

_____

_____

**11.  Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?**
☐ Yes  ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?

_____

**12.  Did you ask your employer for any changes or assistance to do your job because of your disability?**
☐ Yes  ☐ No

If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____

Who did you ask?  (Provide full name and job title of person)

_____

Describe the changes or assistance that you asked for: _____

_____

_____

How did your employer respond to your request? _____

_____

3

**13.  Are there any witnesses to the alleged discriminatory incidents?  If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)**

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|-----------|-----------|------------------------|-----------------------------------------------|

A. _____

_____

B. _____

_____

**14.  Have you filed a charge previously on this matter with the EEOC or another agency?   ☐ Yes  ☒ No**

**15.  If you filed a complaint with another agency, provide the name of agency and the date of filing:** _____

_____

**16.  Have you sought help about this situation from a union, an attorney, or any other source?   ☐ Yes  ☐ No**
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

_____

_____

**Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire.**  If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws.  **If you do not file a charge of discrimination within the time limits, you will lose your rights.  If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1.  If you want to file a charge, you should check Box 2.**

**BOX 1**   ☐ I want to talk to an EEOC employee before deciding whether to file a charge.  I understand that by checking this box, I have not filed a charge with the EEOC.  **I also understand that I could lose my rights if I do not file a charge in time.**

**BOX 2**   ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. **I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.**  I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____              _____
**Signature**                                         **Today's Date**

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)

3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters. 5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

# EXHIBIT  B

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

===============================X

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION on the Complaint of**

**EUNICE MARTINEZ,**

               Complainant,

        -against-

**DAVIS, POLK & WARDELL LLP**

          Respondent

===============================X

Federal Charge No.

**VERIFIED COMPLAINT**
Pursuant to Title VII
of the Civil Rights Act
of 1964, (as amended)

Case No.

     I, Eunice Martinez, residing at 2019 66th Street, Brooklyn, New York 11204, charge the above-named respondent, whose address is 450 Lexington Avenue, New York, NY 10017 with an unlawful discriminatory practice relating to employment in violation of Title VII of the Civil Rights Act of 1964 (as amended) because of race/color.

     Date of most recent or continuing discrimination took place on

     The allegations are:

1. I am a Hispanic woman who has been employed by the respondent from 1995 to the present, who possesses the requisite educational qualifications, experience and competence for the position of managing editor of Business Development and Web Content. Since the spring of 2009, my workload has increased significantly and I have been denied the clerical assistance necessary to assist me in performing my job.  Instead, my manager, Svetlana Teplitsky, has given me additional responsibilities without any additional clerical assistance. I have been forced to work excessively long hours. I have been given an unfavorable annual performance evaluation, I have been denied promotion, I have been denied the title and salary of a manager, I have been denied an office of my own, I have been denied other fringe benefits that would have been accrued to me as a manager. I have been forced to report to Svetlana Teplitsky, a manager who has less educational qualifications, less experience, and less managerial competene. In sum and substance, I have been denied all of the benefits that have been routinely granted to similarly situated White employees in my department and in other departments of the firm.

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color in violation of the Civil Rights Act of 1964 (as amended).

Acts of Discrimination

The specific acts of discrimination are:

1. The respondent has denied me a promotion or pay raise.
2. Ms. Teplitsky has denied me the clerical assistance to enable me to complete the increasing workload that has been given to me since 2009.
3. Ms. Teplitsky has forced me to work excessively long hours without any increase in pay or benefits.
4. The respondent through its manager, Svetlana Teplitsky, has forced me to take an unnecessary project management course when she knew that this course was unnecessary, and was merely intended to humiliate me.
5. The respondent has forced me to report to other managers, in my job title rather than to a supervisor in a superior job category.
6. The respondent failed to provide me with a window office that is normally granted to other similarly situated White employees in my job title.
7. I was not granted the same title, pay and benefits as other similarly-situated White employees, even though I possess superior qualifications, experience and competence.
8.

**Contact Information**

My contact information:

Name:        Eunice Martinez

Address:     2019 66th Street

City:        Brooklyn          State: NY      Zip: 11204

Telephone No. 917-880-8435 (cell)    212-450-4000 (W)

Email address:

Regulated Areas

I believe I was discriminated against in the area of:

(x)    Employment

I am filing complaint against:

Company or Other Name: DAVIS, POLK & WARDELL LLP

Address:       450 Lexington Avenue

City:   New York                  State: NY                  Zip:   10017

Telephone Number: 212-450-40000
                    (area code)

Individual people who discriminated against me:

   Name: Svetlana Teplitsky         Name: _____

   Title: Manager                   Title: _____

Date of Discrimination

The most recent act of discrimination happened on:   02      19      2013

I believe I was discriminated against because of my:

(x)     Race/Color or Ethnicity

How many employees does this company have? Over 800

How many employees are in your department? Over 20

Are you currently working for the company?

(x) Yes

Date of hire: (____  ____  1995 )         What is your job title? Manager of
                Month  Day   Year          Business Development Dept. and
                                           Managing Editor of Web Content

Acts of Discrimination

What did the person/company you are complaining against do? Please check all that apply.

(x)   Denied me promotion and pay raise
(x)   Paid me a lower salary than other workers in my job category
(x)   Gave me negative performance evaluation
(x)   Denied me clerical assistance
(x)   Denied me my own office
(x)   Gave me extra assignments
(x)   Forced me to work excessively long hours
(x)   Forced me to report to other managers in my job category

## STATEMENT OF FACTS

Description of Discrimination – for all complaints

Please tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and explain why you think it was discriminatory.

I attended the elite boarding school, Phillips Academy in Andover, MA on a full merit scholarship. After graduation, I attended Columbia University School of General Studies and graduated with a Batcheldor of Arts Degree (cum laude). I was the recipient of Barbara Seward Price and Charlotte W. Newcombe Foundation Scholarship. I did undergraduate course work at New York University and was invited to apply to the Rhode's Scholarship. (See Exhibit A)

Between 1987 and 1995 I was associate editor at Seagram and Sons, the largest worldwide producer of distilled and blended beverages. As associate editor I wrote and edited articles for Seagram's global magazine and produced Seagram's annual report. I save nearly $100,000.00 in reprint costs by catching proof reading errors in the company's annual report. In 1995, I commenced employment at Davis, Polk & Wardell, an international law firm with over 800 lawyers and ten offices in the United States, South America and Asia. In its web page David Polk boasted of its cultural diversity, "we have a rich mix of people, with a wealth of cultural backgrounds and points of view who work as colleagues in an uncommonly concerted way to meet client's needs and goals." (See Exhibit B).

I was appointed manager of the Business Development Department, and when Davis Polk decided to launch its website in the spring of 2009, I was granted the job of creating and managing the website. As managing editor of the website, my duties included:

- Content creation and management (digital and print)
- Editing proof reading
- Brand management and optimization
- Website management
- Marketing collateral development
- Quality control
- Translation into Spanish

Ms. Svetlana Teplitsky, my new supervisor was totally insensitive to the new and increasing work load which I was experiencing. She gave me an unfavorable appraisal and referred disparagingly to the project management issues confronting me. She denied me the services of a clerical assistance, even though other managers with a smaller work load had clerical assistance. For example, the Capital Markets manager had two assistants, the litigation manager had one assistant, the M&A manager had one

assistant, the financial institutions manager had one assistant, the PR senior manager had one assistant, the digital marketing manager had one assistant, the events manager had one assistant. Because of the increased work load, I had to work from 9 AM to 8 PM Monday through Friday to keep up with the volume of work. It was clear to me that Ms. Svetlana Teplitsky had no concept of management, and in a memorandum, entitled "Addition to My Permanent Davis Polk Personnel File," I outlined my specific differences of opinion with Ms. Svetlana Teplitsky on specific management concepts. (See Exhibit C)

Ms. Svetlana Teplitsky recommended that I attend a project management course. I explained to Ms. Elizabeth A. Farrah, another manager that I would take the course to comply with the firm's directive, but feels that human resources has not looked at my record closely enough. If they had, it would be apparent that my work was delivered either on time or ahead of schedule, and that there is no problem with my management of my projects. I further stated that because the course was only being offered to me in response to my contention with Ms. Svetlana Teplitsky. I felt that I was being singled out for special treatment (See Exhibit D).

On February 19, 2013, and February 15, 2013, I wrote a letter to Larissa Palmer which was copied to Svetlana Teplitsky in which I discussed various methods for dealing with the problem of increased work load. I mentioned that the way to deal with it, was not to farm the work out to other managers, but to provide me with additional clerical assistant (See Exhibit E).

The respondent's claim of cultural diversity is inconsistent with the facts. In the Business Development department there are twenty (20) employees, only one of whom is Hispanic, two are Asians, there are no Blacks. The overwhelming majority of the employees are White. Two of the minorities who were employed, have left and filed Employment Discrimination suits against the respondent. There is a disparity in income between the White and minority employees, with the White employees earning higher salaries. Moreover, the majority of the senior employees of the firm, managers, directors, associate directors and vice presidents are overwhelmingly White.

## NOTARIZATION OF THE COMPLAINT

Based on the information contained in this form, I charge the above-names Respondent with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

By filing this complaint, I understand that I am also filing my employment complaint with the United States Equal Employment Opportunity Commission under the Americans With Disabilities ct (covers disability related to employment), Title VII of the Civil Rights Act of 1964, as amended (covers race, color, religion, national origin, sex relating to employment), and/or the Age Discrimination in Employment act, as amended (covrs ages 40 years of age or older in employment, or filing my housing/credit complaint with HUD under Title VII of the Federal Air Housing Act, as amended (covers acts of discrimination in housing), as applicable. This complaint will protect your rights under Federal Law.

I hereby authorize the New York State Division of Human Rights to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission, subject to the statutory limitations contain in the aforementioned law and/or to accept this complaint on behalf of the U.S. Department of Housing and Urban Development for review and additional filing by them, subject to the statutory limitations contained the in aforementioned law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice.

I swear under penalty of perjury that I am the complainant herein; that I have read (or have had read to me) the foregoing complaint and know the contents of this complaint; and that the foregoing is true and correct, based on my current knowledge, information, and belief.

_____

Sign your full legal name

                              Subscribed and sworn before me
                              This        day of


                              _____

                              Signature of Notary Public